UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IRONSHORE SPECIALTY INSURANCE COMPANY,** | : : : : |
| Plaintiff/Counterclaim Defendant, | : : : Civil Action No. 1:20-cv-01290-DLC : : |
| v. | : : |
| **MAXON INDUSTRIES, INC., MAXON FLEET SERVICES CORP., and LAYTON CAPITAL CORP.** | : : : : |
| Defendants/Counterclaim Plaintiffs. | : : : |

## STIPULATED PROTECTIVE ORDER

WHEREAS, the Parties in the above-captioned action (the "Action") are engaged in discovery proceedings, which will include, among other things, taking depositions, responding to interrogatories, and producing documents for inspection and copying;

WHEREAS, these discovery proceedings involve the production of certain information that the producing party may conclude in good faith constitutes confidential information;

WHEREAS, good cause exists for entry of this Stipulated Protective Order (the "Protective Order"); and

WHEREAS, the entry of this Protective Order will promote the fair and expeditious resolution of this litigation;

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by and between counsel for the Parties, subject to the approval of the Court, as follows:

1.      This Protective Order shall govern the use and handling of documents (including graphic and electronically stored information), testimony, any deposition transcript or portion of such transcript, exhibits, discovery responses and any other materials or information, including all copies, excerpts and summaries thereof ("Discovery Material") produced or otherwise disclosed by the Parties or any other individual or entity, including non-parties (collectively, the "Producing Parties") in connection with the Action.

2.      Any Producing Party may designate as "Confidential" any Discovery Material it produces or otherwise discloses in this Action if the Producing Party determines in good faith that public disclosure of such Discovery Material may result in injury to the Producing Party or would be in violation of any law or rule relating to disclosure of personal information ("Confidential Information"). The designation of Confidential Information is subject to the provisions of Paragraph 11 below. Further, the restrictions set forth in this Order with respect to the parties' exchange of Discovery Material designated as Confidential shall not apply to the following:

   a.    Any Discovery Material that is in the public domain at the time of disclosure to the receiving party;

   b.    Any Discovery Material that, after disclosure to the receiving party, becomes part of the public domain as a result of events not involving a violation of this Order;

   c.    Any Discovery Material that the receiving party can show was received from a source who obtained the information lawfully and under no obligation of confidentiality to the producing or any other party; and

   d.    Any Discovery Material already in the possession of the receiving party prior to its disclosure and not otherwise protected by any obligation of confidentiality.

3. Confidential Information contained in physical objects or documents, or copies thereof, shall be designated upon production by stamping or affixing thereto an appropriate legend clearly identifying the physical object or document as "CONFIDENTIAL." In addition, Confidential Information contained in an electronic medium or electronic format shall be designated upon production by affixing to the diskette or other electronic medium containing such Information the legend "CONFIDENTIAL" and otherwise indicating what information is being designated as Confidential Information. If any non-party produces or otherwise discloses Confidential Information belonging to a Party: (a) the Party may direct such non-party to designate the Information as set forth in this Paragraph, or (b) such Party may designate such Information as Confidential by notifying all other Parties of its designation of the Information, and directing the other Parties to apply an appropriate legend to the Information (or by providing additional copies of such Information with an appropriate legend).

4. Discovery Material designated "Confidential" may be disclosed only in accordance with the provisions of Paragraph 5 below, and only to the following persons, and shall be used solely for the purpose of this Action:

    a. the Parties of record in this Action and those employees and former employees of such Party who are involved in the litigation and/or trial of this Action;

    b. counsel for the Parties, including persons regularly employed in the offices of such counsel, so long as such counsel and such persons are assigned to or otherwise work on this Action, or such counsel and such persons are otherwise hired or consulted by the Parties in regards to the coverage dispute between the Parties;

    c. deponents noticed in this Action, to the extent necessary to examine such deponents or to prepare them for deposition;

    d. witnesses or prospective witnesses, to the extent necessary for the litigation or trial of this Action;

    e. experts or consultants the Parties or their counsel retain to assist in the litigation or trial of this Action, as well as employees of such experts or consultants, to the extent necessary for such experts or consultants in providing their advice, opinions, or testimony;

    f. independent photocopying, graphic production services or litigation support services employed by the Parties or their counsel to assist in this Action and computer service personnel performing duties in relation to a computerized litigation system;

    g. the Court, court reporters, stenographers and Court personnel provided the document is filed under seal or redacted to the satisfaction of the person or Party who designated such Information as Confidential (the "Designating Party");

    h. a Party's Insurance representatives including brokers, agents and their staffs;

    i. a Party's reinsurers and outside or in-house auditors;

    j. counsel for the Defendants in the action pending in the Superior Court of the State of California for Los Angeles County, *David True v. Layton Capital Corp., et al.*, Case. No. BC693876;

    k. federal, state or local regulators or as otherwise required by law; and

    l. any other person to whom the Designating Party agrees in writing.

  5. No person described in subparagraphs 4(d) and (e) above may be given access to Confidential Information until and unless such person has executed an undertaking in the form attached (the "Confidentiality Undertaking"), which undertaking shall be maintained by the attorney of record who provides such Confidential Information. If a Party wishes to examine such a person with respect to Confidential Information, but such person refuses to execute the Confidentiality Undertaking, the Party may use the Information for the examination and

subsequently seek an order from the Court requiring the person to treat the Confidential Information subject to the terms of this Protective Order.

6. Other Proceedings. By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.

7. Except as provided in Paragraphs 4 and 5 above of this Protective Order, if disclosure of Confidential Information is requested or required (by requests in another proceeding, including in an audit, by subpoena, civil investigative demand, other government or agency action or similar process), then the person to whom such request is made (a) shall give prompt written notice of such request to the Designating Party, so that the Designating Party may seek an appropriate protective order, and (b) shall reasonably cooperate with the efforts of the Designating Party to oppose production and/or maintain the confidentiality of the Confidential Information.

8. Unless otherwise agreed, each transcript of a deposition shall be deemed to be Confidential and subject to the provisions of this Protective Order for a period of thirty (30) days following the date of receipt of a final copy of the transcript by counsel for the deponent (the "Receipt Date"). Confidentiality designations for depositions shall be made either on the record during the deposition or by written notice to the other Parties within thirty (30) days of the Receipt Date. Any such designation on the record shall be binding on the Parties, without the need for further written designation. Counsel for each Party shall be responsible for marking the designated portions of copies of the transcript in their possession as "CONFIDENTIAL." If no designation is made within thirty (30) days from the Receipt Date, the transcript shall be deemed not to contain any Confidential Information; however, deposition exhibits will retain their original confidentiality designation unless modified under the terms of this Protective Order. In the event

that Confidential Information is to be discussed or disclosed during a deposition, all persons in attendance at the deposition who, pursuant to this Protective Order, are not persons to whom Confidential Information may be disclosed shall be excluded from attendance at that portion of the deposition during which the Confidential Information is to be discussed or disclosed.

9. Nothing contained in this Protective Order shall be deemed to preclude any person or Party from seeking and obtaining, on an appropriate showing, such additional or other protection with respect to the confidentiality of documents or other Discovery Material as that person or Party may consider appropriate.

10. Nothing in this Protective Order in any manner:

a. waives any objection to the relevancy, materiality or admissibility of any Confidential Information or any other information or document, or any objection to any request to produce any Confidential Information or any other information or document, or

b. defines the scope of discovery or material to be produced in, or admissible at the trial of, this Action.

11. Nothing in this Protective Order shall prevent a receiving Party from contending that any or all information designated as "Confidential" has not been appropriately designated. Any receiving Party may request the basis for a "Confidential" designation. Said basis shall be provided, in writing, within three business days.  Any receiving Party may request that the Designating Party remove a "Confidential" designation. The request shall be in writing and shall state the reasons for the request.  If the Parties and/or non- parties are unable to agree regarding the status of such materials, the receiving Party may bring the issue before the Court, but shall continue to treat such information as Confidential Information until the Court rules otherwise. A Party is not required to raise all objections to confidentiality designations immediately upon

learning of such designations, but shall respect and abide by such designations until the Court rules that such information should be treated otherwise.

12. Failure to designate documents or information as "Confidential" at the time of production shall not be deemed to be a waiver in whole or in part of any prior or subsequent claim of confidentiality with respect to such or any other documents or information, provided, however, that this Protective Order shall not apply to any documents or information until they are designated as "Confidential."

13. If a Producing Party inadvertently discloses to a receiving Party any Confidential Information without designating it "Confidential," in accordance with the terms hereof, the Producing Party shall promptly upon discovery of such inadvertent disclosure advise the receiving Party in writing, and the receiving Party shall thereafter treat the information as Confidential Information under this Protective Order. To the extent such Confidential Information may have been disclosed other than in accordance with this Protective Order, the receiving Party shall reasonably cooperate with any efforts by the Producing Party to retrieve the Confidential Information and to preclude any further disclosure of the Confidential Information other than in accordance with this Protective Order.

14. If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any Party is nevertheless inadvertently produced to such Party or Parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party would otherwise be entitled. If a claim of inadvertent production is made pursuant to this Paragraph with respect to information then in the custody of another Party, such Party shall promptly return to the claiming

Party or person that material as to which the claim of inadvertent production has been made, and the receiving party shall not use such information for any purpose other than in connection with a motion to compel. The party returning such material may then move the Court for an order compelling production of the material if, in good faith, it believes that it has a basis for doing so, but said motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, but may assert other circumstances, including without limitation prior open use of the material in the litigation without any claim of inadvertent production, to establish the fact of an intentional and knowing waiver of applicable privileges by the Producing Party. The Producing Party shall promptly submit the contested material to the Court for *in camera* review, if the Court so directs.

15. ~~All Confidential Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose the substance of such Confidential Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court or shall be filed in such other manner as the Court may direct so as to ensure the confidential treatment of Confidential Information. The Parties will use their best efforts to minimize such filing under seal or other method to ensure confidential treatment.~~

16. In connection with any motion, hearing or trial before the Court, the Court may, upon request of one or more of the Parties, provide for the closing of the courtroom during the presentation of any Confidential Information disclosed in such hearing or trial.

17. Within 45 days after this Action (including all appeals) is finally concluded, unless otherwise agreed in writing by the Designating Party, each person or Party that has received Confidential Information shall make commercially reasonable efforts to assemble and return to the Designating Party all material designated "Confidential," including all copies thereof, or shall

make commercially reasonable efforts to destroy such materials or to maintain their confidential nature. The foregoing shall not apply to any such Confidential Information in pleadings, deposition, hearing, or trial transcripts; Confidential Information referenced or incorporated in work product of the receiving Party's counsel; or Confidential Information referenced or incorporated in any court papers, appended to any court papers, or made an exhibit at a deposition or trial, in which case, one copy of such Confidential Information may remain in the recipient's files, otherwise subject to this Protective Order.

18. The term "person" as used in this Protective Order will be interpreted broadly to include, without limitation, any corporation, company, partnership or individual.

19. By entering into this Protective Order, the Parties do not waive any claims or defenses that may apply in the Action, nor does this Protective Order have any effect on the rights, duties, or obligations under any potentially applicable insurance policies.

20. If any terms hereof or the application thereof to any person or circumstance shall be determined to be null and void, ineffectual, invalid or unenforceable by any competent tribunal, the remaining terms hereof and the application of such term to persons or circumstances other than to those which were determined to be invalid or unenforceable shall not be affected thereby and shall continue in full force and effect.

21. No modification, renewal, extension, or waiver of this Protective Order or any of the provisions herein shall be binding upon any Party to this Protective Order against whom enforcement of such modification, renewal, extension, or waiver is sought, unless it is made in writing and signed on its behalf by one of its duly authorized representatives or reflected in an email exchange between counsel.

22. Nothing in this Protective Order shall in any way limit any person's or Party's ability to treat or otherwise use its own Confidential Information.

23. The provisions of this Protective Order shall survive termination of this Action, and the Court shall retain jurisdiction to enforce the provisions hereof.

24. The parties shall conduct themselves according to this Protective Order until signed by the Court.

This Protective Order may be executed in counterpart copies.

**STIPULATED AND AGREED:**

| | |
|---|---|
| **HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER** | **WILKOFSKY, FRIEDMAN, KAREL & CUMMINS** |
| By: _/s/ Ronald P. Schiller_<br>    Ronald P. Schiller<br>    Bonnie M. Hoffman (*pro hac vice*)<br>One Logan Square, 27th Floor<br>Philadelphia, Pennsylvania  19103<br>(215) 568-6200<br>(215) 568-0300 facsimile<br>rschiller@hangley.com<br>bhoffman@hangley.com<br><br>*Counsel for Plaintiff Ironshore Specialty Insurance Company* | By: _/s/ Mark Friedman_<br>    Mark Friedman<br>299 Broadway – Suite 1700<br>New York, New York 10007<br>(212) 285-0510<br>mark@wfkclaw.com<br><br><br><br><br>*Counsel for Defendants Maxon Industries, Inc., Maxon Fleet Services, Corp., and Layton Capital Corp.* |

SO ORDERED this __11__ day of ___May___, 2020.

The parties shall consult the
Court's Individual
Practices for procedures on
redaction and filing
information under seal.

_____
DENISE COTE
United States District Judge

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IRONSHORE SPECIALTY INSURANCE COMPANY,**<br><br>　　　　**Plaintiff/Counterclaim Defendant,**<br><br>　　v.<br><br>**MAXON INDUSTRIES, INC., MAXON FLEET SERVICES CORP., and LAYTON CAPITAL CORP.**<br><br>　　　　**Defendants/Counterclaim Plaintiffs.** | Civil Action No. 1:20-cv-01290-DLC |

## **CONFIDENTIALITY UNDERTAKING**

　　　　I acknowledge that I have read and understand the Protective Order dated May __, 2020, and agree to abide by its terms and conditions. I fully understand that violation of the terms of that Protective Order by me or anyone acting under my directions may subject me to penalties. I hereby submit to the jurisdiction of the above Court with respect to the enforcement of this Undertaking and the Protective Order.

Dated: _____           _____
　　　　　　　　　　　　　　　　　　　　　　　　　　Signature